**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

| | |
|---|---|
| LISA GAIL FIELDS<br>a/k/a LISA GAIL TURNEY<br>RICKEY EUGENE FIELDS | Case No.  05-37959 |
| Debtors | |
| BETHANY MARGARET DESJARDINS | Case No.  05-38190 |
| Debtor | |
| MICHAEL STEPHEN MONROE<br>KAREN LYNN MONROE | Case No.  05-38191 |
| Debtors | |
| CHARLES ERIC O'DELL<br>f/d/b/a ASHLEY ELECTRIC | Case No.  05-38192 |
| Debtor | |
| MELISSA MARIE JAMES | Case No.  05-38193 |
| Debtor | |
| TODD JAMES HENRY<br>a/k/a TODD J. HENRY<br>a/k/a TODD HENRY | Case No.  05-38194 |
| Debtor | |

**MEMORANDUM ON MOTIONS OF UNITED STATES TRUSTEE
TO DISMISS CASES PURSUANT TO 11 U.S.C. § 109(h)(1)**

**APPEARANCES:**   RICHARD F. CLIPPARD, ESQ.
　　　　　　　　　UNITED STATES TRUSTEE
　　　　　　　　　　Patricia C. Foster, Esq.
　　　　　　　　　　800 Market Street
　　　　　　　　　　Suite 114
　　　　　　　　　　Knoxville, Tennessee  37902
　　　　　　　　　　Attorneys for United States Trustee

G. WAYNE WALLS
  Post Office Box 22400
  Knoxville, Tennessee  37933
  Chapter 7 Trustee

THE LAW OFFICE OF JOHN T. SHOLLY, P.C.
  John T. Sholly, Esq.
  Post Office Box 1491
  Knoxville, Tennessee  37901-1491
  Attorneys for Debtors Michael and Karen Monroe

S.N. GARRETT, ESQ.
  Post Office Box 725
  Jamestown, Tennessee  38556
  Attorney for Debtor Todd James Henry

Lisa Gail Fields and Rickey Eugene Fields
  3129 Arthur Walker Road
  Maryville, Tennessee  37803
  Debtors, *Pro Se*

Bethany Margaret Desjardins
  715 Block House Valley Road
  Clinton, Tennessee  37716
  Debtor, *Pro Se*

Charles Eric O'Dell
  1412 Windgrove Lane
  Knoxville, Tennessee  37912
  Debtor, *Pro Se*

Melissa Marie James
  4046 Montvale Road
  Maryville, Tennessee  37803
  Debtor, *Pro Se*

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Presently before the court in each of the above Chapter 7 bankruptcy cases is the Motion of United States Trustee to Dismiss Case Pursuant to 11 U.S.C. § 109(h)(1) (collectively, Motions to Dismiss), filed on October 28, 2005, by the United States Trustee (U.S. Trustee), asking the court to dismiss each case based upon the respective Debtors' failure to certify that they have received counseling from an approved non-profit budget and credit counseling agency, as required by 11 U.S.C. § 109(h)(1) (2005).[1]  This ruling is issued subsequent to a hearing held in each case on December 8, 2005.

This is a core proceeding.  28 U.S.C.A. § 157(b)(2)(A), (O) (West 1993).

**I**

The Debtors in case number 05-37959, Lisa and Rickey Fields, filed their handwritten Voluntary Petition, statements, and schedules on October 17, 2005.  The Debtors executed these documents on October 14, 2005.[2]  They are not represented by counsel, nor did they utilize the services of a non-attorney bankruptcy petition preparer.  The Debtors filed their bankruptcy case using the Official Forms dated December 2003.

The Debtor in case number 05-38190, Bethany Desjardins, filed her Voluntary Petition, statements, and schedules on October 17, 2005.  The Debtor is not represented by counsel, but she did utilize the services of We the People, a non-attorney bankruptcy

---

[1] The U.S. Trustee also filed a Motion to Dismiss in the case of Byron Anthony Looper, case number 05-38187; however, the court is ruling on that case separately.

[2] A September 27 date is crossed out and October 14 has been substituted.

3

petition preparer, as defined by 11 U.S.C. § 110 (2005). Both the Debtor and the We the People representative, Heather Silas, executed the documents on September 26, 2005. The Debtor filed her bankruptcy case using the Official Forms dated December 2003.

The Debtors in case number 05-38191, Michael and Karen Monroe, filed their Voluntary Petition, statements, and schedules on October 17, 2005. They are represented by counsel, John T. Sholly. The Debtors executed their documents on March 4, 2005. Mr. Sholly's signature, "by permission by MBA," is not dated. The Debtors filed their bankruptcy case using the Official Forms dated September 2001.

The Debtor in case number 05-38192, Charles O'Dell, filed his Voluntary Petition, statements, and schedules on October 19, 2005. He is not represented by counsel, but he utilized the services of We the People. Both the Debtor and the We the People representative, Heather Silas, executed the documents on October 12, 2005. The Debtor filed his bankruptcy case using the Official Forms dated December 2003.

The Debtor in case number 05-38193, Melissa James, filed her Voluntary Petition, statements, and schedules on October 20, 2005. The Debtor is not represented by counsel, but she utilized the services of We the People. Both the Debtor and the We the People representative, Heather Silas, executed the documents on October 14, 2005. The Debtor filed her bankruptcy case using the Official Forms dated December 2003.

The Debtor in case number 05-38194, Todd Henry, filed his Voluntary Petition, statements, and schedules on October 21, 2005. He is represented by counsel, S.N. Garrett.

Both the Debtor and Mr. Garrett executed the documents on October 7, 2005. The Debtor filed his bankruptcy case using the Official Forms dated December 2003. On November 16, 2005, the Debtor filed a Response to Motion of United States Trustee to Dismiss Case Pursuant to 11 U.S.C. § 109(h)(1), arguing that he mailed his bankruptcy documents from Jamestown, Tennessee on October 7, 2005, that he has since obtained credit counseling, and requests continuation of his Chapter 7 bankruptcy case.

## II

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), which became effective on October 17, 2005, significantly changed the Bankruptcy Reform Act of 1978, as amended, by revising, deleting, and adding many requirements. One new requirement is the necessity to attend a consumer credit counseling briefing prior to the filing of a petition under any chapter of title 11 by any individual. This requirement is codified in 11 U.S.C. § 109(h) (2005), under the section entitled "Who may be a debtor," and provides, in material part, the following:

> (h)(1) Subject to paragraphs (2) [inapplicable here] and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a)[3] an individual or group briefing (including a briefing

---

[3] Section 111(a) states that

(a) The clerk shall maintain a publicly available list of—

    (1) nonprofit budget and credit counseling agencies that provide 1 or more services
(continued...)

5

conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

. . . .

(3)(A)  Subject to paragraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that—

>   (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

>   (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and

>   (iii) is satisfactory to the court.

(B)  With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

(4)  The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone.  For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and 'disability' means

---

$^3$(...continued)
>   described in section 109(h) currently approved by the United States trustee . . .; and

>   (2) instructional courses concerning personal financial management currently approved by the United States trustee . . . as applicable.

11 U.S.C. § 111(a) (2005).  The remainder of § 111 sets forth the standards a counseling service must meet in order to be approved and remained approved by the United States trustee.

6

> that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing requirement under paragraph (1).

11 U.S.C.A. § 109(h).[4]

Proof that a debtor has received consumer credit counseling must be filed with the court at the commencement of the individual debtor's case filed on or after October 17, 2005. Pursuant to 11 U.S.C. § 521(a) (2005), all debtors must file a list of creditors, a schedule of assets and liabilities, a schedule of current income and expenses, a statement of financial affairs, copies of payment advices or other evidence of payment received within 60 days before the petition was filed, and other specified documentation. All individual debtors must additionally file the following:

> (1) a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor; and
>
> (2) a copy of the debt repayment plan, if any, developed under section 109(h) through the approved nonprofit budget and credit counseling agency referred to in paragraph (1).

11 U.S.C. § 521(b) (2005).

---

[4] The purpose of requiring consumer credit counseling is to "strengthen consumer protections in current law by cracking down on bankruptcy mills which steer consumers into filing without information on the consequences of bankruptcy." 144 CONG. REC. H4402 (June 10, 1998) (statements of Rep. Roemer concerning the Bankruptcy Reform Act of 1998); *see also In re Warden*, ___ B.R. ___, No. 05-23750, 2005 WL 3207630, at *2, 2005 Bankr. LEXIS 2355, at *6 (Bankr. W.D. Mo. Nov. 22, 2005) ("The apparent congressional hope in enacting the credit counseling requirement is that focusing on a budget analysis with the help of a credit counseling professional might obviate the need for seeking bankruptcy relief for some debtors."); *In re Wallert*, ___ B.R. ___, No. 05-90789, 2005 WL 3099679, at *4, 2005 Bankr. LEXIS 2272, at *12 (Bankr. D. Minn. Nov. 17, 2005) ("Congress's goal seems to be to discourage the practice of hastily filing for bankruptcy, even if that be in the face of foreclosure, repossession, or garnishment, and to discourage debtors from deferring their first consideration of bankruptcy until the very eve of such decisive events in the exercise of creditors' remedies.").

The additions of § 109(h) and § 521(b) to the Bankruptcy Code by BAPCPA are also reflected in the Interim Bankruptcy Rules and Official Forms, approved by the Judicial Conference of the United States on October 11, 2005, and revised October 13, 2005. Rule 1007 of the Federal Rules of Bankruptcy Procedure, setting forth the documents that must be filed, was revised to include the following material provisions:

> (b)  Schedules, Statements, and Other Documents Required.
>
> . . . .
>
> (3)  Unless the United States trustee has determined that the credit counseling requirement of § 109 does not apply in the district, an individual debtor must file the certificate and debt repayment plan, if any, required by § 521(b), a certification under § 109(h)(3), or a request for a determination by the court under § 109(h)(4).
>
> . . . .
>
> (c)  Time Limits. . . . .  The documents required by subdivision (b)(3) shall be filed with the petition in a voluntary case.

INTERIM FED. R. BANKR. P. 1007; *see also* COMMITTEE NOTE ("Subdivision (b)(3) provides a procedure for filing documents relating to the nonprofit credit counseling requirement provided by the 2005 amendments to § 109.)"  In addition, the revised Voluntary Petition contained in the Official Forms conforming with BAPCPA contains a section entitled "Certification Concerning Debt Counseling by Individual/Joint Debtor(s)" which gives debtors the following two choices to be checked off:  (1) "I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition[;]" or (2) "I/we request a waiver of the requirement to obtain budget and credit

counseling prior to filing based on exigent circumstances. (Must attach certification describing.)". OFFICIAL FORM B1, VOLUNTARY PETITION.

"[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enters., Inc.*, 109 S. Ct. 1026, 1030 (1989). The Supreme Court "ha[s] stated time and time again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Conn. Nat'l Bank v. Germain*, 112 S. Ct. 1146, 1149 (1992) (quoting *Rubin v. United States*, 101 S. Ct. 698, 701 (1981)).

> "The starting point in any case involving the meaning of a statute [] is the language of the statute itself." *Group Life & Health Ins. Co. v. Royal Drug Co.*, 440 U.S. 205, 210, 99 S. Ct. 1067, 1073, 59 L. Ed. 2d 261 (1979); *Vergos v. Gregg's Enterprises, Inc.*, 159 F.3d 989, 990 (6th Cir. 1998). A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning. *Perrin v. United States*, 444 U.S. 37, 42, 100 S. Ct. 311, 314, 62 L. Ed. 2d 199 (1979). "In construing a federal statute, it is appropriate to assume that the ordinary meaning of the language that Congress employed 'accurately expresses its legislative purpose.'" *Mills Music, Inc. v. Snyder*, 469 U.S. 153, 164, 105 S. Ct. 638, 645, 83 L. Ed. 2d 556 (1985), quoting *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 195, 105 S. Ct. 658, 83 L. Ed. 2d 582 (1985). "If the words of the statute are unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced." *Hudson v. Reno*, 130 F.3d 1193, 1199 (6th Cir. 1997), *cert. denied*, 525 U.S. 822 (1998), quoting *United States v. Ron Pair Entrs., Inc.*, 489 U.S. 235, 241, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989).

*United States v. Plavcak*, 411 F.3d 655, 660-61 (6th Cir. 2005); *accord Dorris v. Absher*, 179 F.3d 420, 429 (6th Cir. 1999) ("A court should look beyond the language of the statute only when the text is ambiguous or when, although the statute is facially clear, a literal

interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress.").

The language of § 109(h)(1) is plain and unambiguous: "an individual *may not* be a debtor under [title 11] unless [he or she] has, [within 180 days preceding the filing date]," received consumer credit counseling from an approved agency. 11 U.S.C. § 109(h)(1) (emphasis added). There is no mistaking the ordinary, plain meaning that any consumer debtor filing a petition under any chapter of the Bankruptcy Code must either (1) participate in consumer credit counseling prior to filing, or (2) certify to the court that they were unable to meet this requirement prior to filing due to exigent circumstances, which then provides a thirty-day grace period.[5] Any individual consumer debtor that has not met this requirement may not be a debtor under any chapter of the Bankruptcy Code on and after October 17, 2005.

> It is of paramount significance that Congress placed these requirements in 11 U.S.C. § 109, the Code's provision that governs the fundamental eligibility to "be a debtor." This statute is a necessary threshold to pursuing bankruptcy relief; it identifies who may file a petition for bankruptcy relief in the first place and--by exclusion--who may not do so.
>
> That placement alone would be enough to elevate the requirement of credit counseling to signal importance. However Congress also made its intent crystal-clear via an express prohibition: an individual who does not satisfy these prescriptions "may not be a debtor." When a debtor's petition is not accompanied by proof that the debtor has gone through credit counseling pre-petition or proof of a specified excuse for not doing so, that person simply

---

[5] Upon court approval, a debtor may receive an additional fifteen days extension; nevertheless, in any event, § 109(h) unequivocally requires debtors to undergo this counseling no later than forty-five days after filing their petitions.

> cannot proceed to receive the complex of relief available under any chapter of the Bankruptcy Code.

*In re LaPorta*, ___ B.R. ___, No. 05-90784, 2005 WL 3078507, at *4, 2005 Bankr. LEXIS 2252, at *11-12 (Bankr. D. Minn. Oct. 27, 2005); *see also In re Sukmungsa*, ___ B.R. ___, No. 05-80029, 2005 WL 3160607, at *1, 2005 Bankr. LEXIS 2305, at *3 (Bankr. D. Utah Nov. 23, 2005) ("[C]ompliance with § 109(h) is an eligibility bar that must be hurdled before an individual may obtain title 11 relief.").

Likewise, the method for obtaining a waiver of the pre-petition consumer credit counseling requirement is expressly set forth by the statute. Section 109(h)(3) states that any debtor requesting a waiver must file a certification[6] with the court, providing the following necessary elements, which satisfy the court: (1) a description of the exigent circumstances meriting the waiver; and (2) a statement that the debtor actually requested consumer credit counseling with an approved agency, but he or she was unable to obtain the counseling because the agency was unable to provide the debtor with counseling within

---

[6] The statute clearly states that the debtor must submit "a certification." 11 U.S.C.A. § 109(h)(3)(A).

The term "certification" is not defined in the Bankruptcy Code. According to the relevant definition in Black's Law Dictionary, a certification is "1. The act of attesting. 2. The state of having been attested. 3. An attested statement." BLACK'S LAW DICTIONARY 220 (7th ed. 1999). The same source defines "attest" as "1. To bear witness; testify <attest to the defendant's innocence>. 2. To affirm to be true or genuine; to authenticate by signing as a witness <attest the will>." *Id.* at 124. Similarly, Webster's Third New International Dictionary defines "certify" as "to attest esp. authoritatively or formally." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 362 (2002). Based on these definitions, a certification is, at a minimum, a written statement that the signer affirms or attests to be true.

*In re Cleaver*, ___ B.R. ___, No. 05-46572, 2005 WL 3099686, at *3, 2005 Bankr. LEXIS 2220, at *8 (Bankr. S.D. Ohio Nov. 17, 2005) (footnote omitted). Accordingly, a motion of exigent circumstances is not necessary and does not comply with the statute.

five days of the debtor's request. Nevertheless, even if the court does find that exigent circumstances prevented the debtor's pre-petition counseling, and a waiver is granted, the debtor must still complete consumer credit counseling post-petition and file certification thereof within thirty days of the date upon which the bankruptcy case was filed.

"The three requirements for an acceptable certification under § 109(h)(3)(A) are couched in conjunctive language and, therefore, all three must be satisfied for the certification to be effective as a temporary exemption from the pre-petition briefing mandated by § 109(h)(1)." *In re Cleaver*, ___ B.R. ___, No. 05-46572, 2005 WL 3099686, at *4, 2005 Bankr. LEXIS 2220, at *10 (Bankr. S.D. Ohio Nov. 17, 2005); *see also In re Watson*, 332 B.R. 740, 745 (Bankr. E.D. Va. 2005) (finding that, under the rules of statutory construction, § 109(h)(3)(A) should be read in the conjunctive).

> In the end, the statute is simple. The performance of credit counseling pre-petition is a first-level requirement for any individual who seeks bankruptcy relief. That prerequisite may be overridden, and the court may permit the credit counseling to be obtained post-petition. However, this is possible only if a debtor certifies that she meets the requirements of 11 U.S.C. § 109(h)(3)(A), in their exacting detail. If such a debtor does not submit this certification with her petition for bankruptcy, in proper form, and with content evidencing the statute's substantive requirements in a way "satisfactory to the court," the first-level requirement is not overridden. When that is the case, a debtor must show, as part of her initial filing, that she has received credit counseling pre-petition. That is done by "filing with the court" the credit counseling agency's certificate that it provided described services to the debtor, with her petition for bankruptcy.

*In re Wallert*, ___ B.R. ___, No. 05-90789, 2005 WL 3099679, at *5, 2005 Bankr. LEXIS 2272, at *15-16 (Bankr. D. Minn. Nov. 17, 2005); *see also In re Talib*, ___ B.R. ___, No. 05-71954, 2005 WL 3272411, at *5 (Bankr. W.D. Mo. Dec. 1, 2005) ("Because the Debtor

12

did not obtain the credit counseling prior to the filing of the petition, and because she does not qualify for an exigent circumstances waiver, she is not eligible to be a debtor under § 109(h). Under these circumstances, the Court may not grant the requested extension to obtain the credit counseling postpetition.").

Here, none of the Debtors filed their bankruptcy cases utilizing the Interim Official Forms, and therefore, none of their Voluntary Petitions contained the Certification Concerning Debt Counseling. Moreover, none of the Debtors cured this deficiency in their statements and schedules by filing a certificate from an approved consumer credit counseling agency stating that the requirement had been fulfilled.[7] The U.S. Trustee's Motions to Dismiss ask the court to dismiss the Debtors' bankruptcy cases based upon their lack of eligibility to be debtors pursuant to § 109(h)(1). Based upon the plain language of the statute, the court has no discretion with respect to the consumer credit counseling requirement. It cannot be waived unless the individual is incapacitated or disabled, as defined by the statute, or actively serving in the military in a combat zone.

Additionally, absent exigent circumstances, the consumer credit counseling requirement must be fulfilled prior to filing for bankruptcy protection in all cases filed on October 17, 2005, and thereafter. *See also Wallert*, 2005 WL 3099679, at *5, 2005 Bankr.

---

[7] Additionally, none of the Debtors filed certifications of exigent circumstances as allowed by § 109(h)(3), whereby the court could determine if the pre-petition counseling requirement could be waived, and the Debtors could obtain counseling within thirty days of filing their respective cases. The Debtor in case number 05-38194 (Henry) filed a Response to the U.S. Trustee's Motion, stating reasons why he failed to comply with the statute; however, this Response does not meet the requirements of § 109(h)(3) as previously discussed, and therefore, the court cannot grant a waiver of § 109(h)(1).

LEXIS 2272, at *15 ("The application of § 109(h), as thus read, falls heavily on one subset of debtors-particularly at present, in the early stages of a transition to a new bankruptcy law regime.  Nonetheless, because the requirements of the statute are so clear and so exacting on their face, and because they dovetail with a rational divination of congressional intent, it simply is not open to the courts to depart from their express terms."); *Cleaver,* 2005 WL 3099686, at *2, 2005 Bankr. LEXIS 2220, at *7 ("The statute is unequivocal and allows for no other excuse or exception.").

Accordingly, the court must dismiss each of the Debtors' bankruptcy cases based upon lack of eligibility to file because they did not meet with an approved consumer credit counselor prior to filing their petitions as required by 11 U.S.C. § 109(h)(1).  None of the Debtors meet the express waiver exceptions set forth in 11 U.S.C. § 109(h)(4), and because none have filed a certification that is satisfactory with the court, evidencing that exigent circumstances prevented their compliance with this requirement, 11 U.S.C. § 109(h)(3) does not apply in any of these cases.  Although this is a harsh result, the statute gives the court no discretion.

Orders consistent with this Memorandum will be entered.

FILED:  December 9, 2005

                                     BY THE COURT

                                     /s/  RICHARD STAIR, JR.

                                     RICHARD STAIR, JR.
                                     UNITED STATES BANKRUPTCY JUDGE